UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION



IN RE: CARDTRONICS ATM FEE
NOTICE LITIGATION

MDL No. 2245

IIMD 2245 BEN (BLM)

### TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendants Cardtronics USA, Inc. and Cardtronics, Inc. (collectively Cardtronics) move to centralize this litigation in the Southern District of Texas or, alternatively, the Southern District of California. This litigation currently consists of four actions pending in three districts, as listed on Schedule A. Plaintiffs in all actions do not oppose centralization, but suggest the Southern District of California as transferee district or, alternatively, the Northern District of Mississippi or the Western District of Tennessee.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that Cardtronics violated the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.*, by failing to post physical notices on certain of its ATMs that users might incur fees when withdrawing cash. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary. Centralization also is consistent with our decision in MDL No. 2202. *See In re Regions Bank ATM Fee Notice Litig.*, 2011 WL 346948 (J.P.M.L. Feb. 3, 2011). In that litigation, only three actions were pending, but we were persuaded that centralization would enhance the efficient conduct of the litigation, because "[d]iscovery concerning the bank's ATM operations will likely be the same across all three actions, as will briefing on dispositive motions." *Id.* at *1. We are faced with similar circumstances here, such that discovery and briefing on dispositive motions will be largely duplicative among these actions.

We are persuaded that the Southern District of California is the most appropriate transferee district. Two actions are already pending there, and it has the support of all plaintiffs and defendants, in the alternative. Judge Roger T. Benitez is an experienced transferee judge who can guide this litigation ably.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of California are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Roger T. Benitez

---

[*]  Judge Barbara S. Jones took no part in the decision of this matter.

I hereby attest and certify on **Jun 01, 2011** that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: s/ A. Victoria
Deputy

-2-

for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.      Paul J. Barbadoro

**IN RE: CARDTRONICS ATM FEE**
**NOTICE LITIGATION**                                          MDL No. 2245

### SCHEDULE A

<u>Southern District of California</u>

Joshua Sandoval v. Cardtronics USA, Inc., et al., C.A. 3:11-00217
Gini Christensen v. Cardtronics USA, Inc., et al., C.A. No. 3:11-00236

<u>Northern District of Mississippi</u>

Sheryl Johnson v. Target Stores, Inc., C.A. No. 2:10-00151

<u>Western District of Tennessee</u>

Sheryl Johnson v. Target Corporation, C.A. No. 2:10-02650